**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RHYAN LUNDEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-2675 |
| | ) | |
| | ) | |
| RANDALL AND SON | ) | |
| ROOFING AND EXTERIORS, INC., | ) | **Jury Trial Requested** |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Rhyan Lundeen ("Plaintiff"), by and through her undersigned attorneys and for her Complaint against the Defendant, Randall and Son Roofing and Exteriors, Inc. ("Defendant"), states as follows:

**NATURE OF ACTION**

1.     This is a retaliation action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), and the Illinois Whistleblower Act, 740 ILCS 174/20 by Plaintiff, a former employee of Defendant, against Defendant.

**JURISDICTION AND VENUE**

2.     This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which states that federal courts have primary jurisdiction over actions that arise under the laws of the United States. This Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367.

3.     Venue lies in the Northern District of Illinois because Defendant was engaged in business in this District and because the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4.     Plaintiff Rhyan Lundeen is a resident of Brookfield, Illinois and was employed as a sales representative for Defendant at its location at 34W711 Illinois Street, St. Charles, Illinois.

5.     Defendant is a roofing contractor company qualified and doing business in Illinois, including in DuPage County and Kane County, Illinois.

6.     At all relevant times, Defendant had more than fifteen employees in Illinois and was an "Employer" as defined by Title VII.

7.     At all relevant times, Plaintiff was qualified to perform her job duties with Defendant and satisfactorily performed her job duties with Defendant.

8.     At all relevant times, Defendant has continuously been and is now an employer in an industry affecting commerce within the meaning of Sections 701(b) and (h) of Title VII and employs or has employed more than fifteen persons.

9.      From July 7, 2020 until December 2, 2021, Plaintiff was employed by Defendant and was an employee within the meaning of Title VII.

## PROCEDURAL BACKGROUND

10.     On February 2, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination/harassment and retaliation. A true and correct copy of that charge is attached hereto as Exhibit 1.

11. On March 1, 2022, the EEOC issued Plaintiff a Notice of Right to Sue entitling her to institute a civil action within 90 days of the date of receipt of said Notice. A true and correct copy of that Notice is attached hereto as Exhibit 2.

12. Plaintiff has filed this lawsuit within 90 days of receiving the EEOC Notice of Right to Sue. Plaintiff has fulfilled all conditions precedent to the institution of her lawsuit under Title VII.

## FACTS

13. In July 7, 2020, Plaintiff started working for Defendant as a sales representative at Defendant's St. Charles, Illinois location.

14. She earned a base salary of $1,000 per week plus commission based on minimum qualifying sales and a commission formula. Though she did not qualify for a commission in 2020, Plaintiff's sales increased dramatically in 2021 such that she was poised to make roughly $80,000 in commission in addition to her roughly $50,000 annual base salary. Thus, by all accounts, Plaintiff was performing superbly and work was going very well.

15. Things changed dramatically on September 6, 2021.

*Battery*

16. On September 8, 2021, Plaintiff's co-worker Aaron Towler ("Mr. Towler") smacked and grabbed her butt.

17. Outraged by this clear and disgusting battery at the workplace, Plaintiff appropriately reported it, along with Mr. Towler's other sexually harassing suggestive comments and texts to her supervisor and Defendant's owner Ed Zawadzki ("Mr. Zawadzki").

*Sexual Harassment*

18.     Mr. Zawadzki was not happy that Plaintiff raised this battery and sexual harassment issue. Indeed, in shocking text exchanges between Mr. Zawadzki and Plaintiff where Plaintiff forwarded Mr. Towler's sexual harassing text messages to Mr. Zawadzki, Mr. Zawadzki coldly instructed Plaintiff to approach her sexual harasser/stalker and "figure[] [this] out" herself with him as Mr. Zawadzki "didn't want to get involved with this" because it "distract[ed]" him away from running the business. Below is just one excerpt of the texts between Plaintiff and Mr. Zawadzki on this issue:

> Mr. Zawadzki:     Did Dave send in the supplement for Nagel? If so, is it approved?

> Plaintiff:     And go fuck myself… I want you as my girlfriend because we are better together then we are apart and you make me happy. [*This is a text that Mr. Towler sent to Plaintiff, which Plaintiff was forwarding to Mr. Zawadzki.*]

> Mr. Zawadzki:     Please get this figured out with him [*Mr. Towler*]. With all due respect I don't want to get involved with this anymore. It's too much of a distraction.

19.     After Mr. Zawadzki completely refused to do anything to resolve the ongoing workplace sexual harassment against Plaintiff, Plaintiff reported the September 6, 2021 battery and sexual harassment committed against her at work by Mr. Towler to the police and informed Mr. Zawadzki that she had done so. Plaintiff not only verbally communicated this fact to Mr. Zawadzki but also memorialized it in the below September 20, 2021 text to him:

> Plaintiff:     I spoke with the officer who took report. She said she would not be able to advise you on what to do as it's in St. Charles. Just to give you a heads up

> Mr. Zawadzki:     Do you have a copy of the report?

| Plaintiff: | She said it would take 5 days to get<br>She will email it to me |
|---|---|
| Mr. Zawadzki: | Cool thanks |
| Plaintiff: | She spoke with Aaron and he gave her complete opposite of the text messages he sent me etc<br>He did tell her he asked me out and that I didn't give him an answer (which I told him over and over no) she said most the time the guys will lie in the reports and she just takes it with a  grain of salt. |

20. After Mr. Zawadzki learned on September 20, 2021 that Plaintiff started to involve the police in her battery and sexual harassment allegations, he was not pleased as this battery and sexual harassment situation was becoming more and more of a distraction to him. Mr. Zawadzki felt obligated at that point to begin some sort of "paper" review and thus had Human Resources consultant/private detective Kari Quane invade Plaintiff's private life in an attempt to find some dirt on Plaintiff that he (Zawadzki) could use to justify her termination.

21. On October 19, 2021, Plaintiff was asked to go over the report with Mr. Zawadzki and David Gedzun. During the meeting, Mr. Zawadzki read aloud excerpts and laughed multiple times as he read parts of it. Indeed, Mr. Zawadzki read aloud a section about Mr. Towler loaning Plaintiff a couple hundred dollars in late 2020 (a year prior to the incident when the two were friends) and then laughed out loud and joked to Mr. Gedzun: "Hey, Dave, do *you* want to pay my bills for *me*?" This meeting was meant to mock and humiliate Plaintiff as well as to telegraph Mr. Zawadzki's desire that Plaintiff should quit because she was causing issues that were, in Mr. Zawadzki's opinion, continuing to distract him away from running his business.

22.    Immediately after the humiliating meeting during which Mr. Zawadzki bullied Plaintiff and joked and laughed about her allegations, Mr. Zawadzki sent Plaintiff an email imposing an unrealistic job quota on Plaintiff: secure 10 new jobs by December 1, 2021. This was a completely unrealistic number, especially since this is a roofing company and late fall / early winter is a historically slow time for the roofing industry. That said, Plaintiff's performance was better than most of her comparators at Defendant. Mr. Zawadzki hated the increasing distraction of this matter and this unrealistic quota placed on Plaintiff was nothing more than a way to manage her out of the company because she refused to let go of her sexual harassment allegations.

*Termination*

23.    On December 2, 2021, Mr. Zawadzki fired Plaintiff purportedly for poor performance. This was despite the fact that she was highly profitable to the company and earned roughly $80,000 in sales commissions (on top of her $50,000 base salary) based on all of the work she was originating for Defendant. Moreover, despite being one of the top performers at Defendant, she was the only one fired at that time.

## COUNT I
### Retaliation in Violation of Title VII

24.    Plaintiff realleges the preceding paragraphs of this Complaint as if fully set forth herein.

25.    During her employment, Plaintiff was subjected to sexually suggestive comments and texts and other conduct on the basis of her sex from Defendant's employee Aaron Towler.

26.     Plaintiff reasonably believed that such comments, texts and other conduct constituted sexual harassment in violation of the anti-discrimination laws.

27.     Plaintiff appropriately reported these sexually suggestive comments, texts and other offensive conduct from Mr. Towler to her supervisor and Defendant's owner Mr. Zawadzki in an effort to get Mr. Zawadzki to put an end to this sexual harassment by Mr. Towler.

28.     Such complaints and comments by Plaintiff constituted protected activity.

29.     After Plaintiff lodged these complaints with Mr. Zawadzki and then reported Mr. Towler's sexual harassment to the police, Defendant terminated her.

30.     Defendant, through Mr. Zawadzki, terminated Plaintiff in retaliation for her engaging in protected activity, *i.e.*, reporting, opposing, and complaining about sexual harassment in violation of Title VII. Defendant's retaliatory conduct was carried out in reckless disregard for Plaintiff's civil rights.

31.     As a result of Defendant's unlawful conduct, Plaintiff was damaged and has suffered the loss of wages and benefits and has suffered humiliation, embarrassment, emotional distress and other compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.     Declare, decree, and adjudge that Defendant has violated Title VII;

B.     Award the Plaintiff backpay, front pay, employment benefits, and other compensation that was denied or lost;

C.     Order the Defendant to pay Plaintiff compensatory and punitive damages in an amount sufficient to punish Defendant for its past conduct and to deter it from continuing with its unlawful practices;

D.     Award Plaintiff all pre-judgment and post-judgment interest to which she is entitled;

E.     Award Plaintiff reasonable attorneys' fees and costs; and

F.     Award such other and further relief as is just and appropriate.

**COUNT II**
**Illinois Whistleblower Act Retaliatory Discharge 740 ILCS 174/1 et seq.**

32.     Plaintiff realleges the preceding paragraphs of this Complaint as though fully set forth herein.

33.     On September 6, 2020, Defendant's employee, Mr. Towler, committed battery upon Plaintiff when he knowingly without legal justification by any means made physical contact of an insulting or provoking nature with Plaintiff. *See* 720 ILCS 5/12-3.

34.     Plaintiff reported this battery by Mr. Towler to the Police Department on September 20, 2021 and disclosed the fact that she made such police report to Mr. Zawadzki.

35.     As a result of Plaintiff's report of battery to the police and disclosure thereto to Mr. Zawadzki, she was subjected to retaliation by the Defendant in the form of termination.

36.     Such misconduct violates the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq*.

8

37.     Defendant's stated purpose for Plaintiff's termination was a pretext for terminating Plaintiff's employment with Defendant in retaliation for report of battery by a co-worker to the police.

38.     Through Defendant's actions in violation of the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*, Plaintiff has suffered damages including, but not limited to, loss of her job and income, loss of career opportunities, emotional distress and humiliation.

WHEREFORE, Plaintiff prays that this Court:

A.     Enter judgment in favor of Plaintiff and against Defendant for violation of the Illinois Whistleblower Act;

B.     Award Plaintiff compensatory damages, including, but not limited to, lost pay and future salary, supplemental compensation and benefits, in such amount as will reasonably compensate her for her losses, and damages for emotional distress;

C.     Award Plaintiff her damages pursuant to the Illinois Whistleblower Act, 740 ILCS 174/30, including but not limited to all Plaintiff's "litigation costs, expert witness fees, and reasonable attorney's fees."

D.     Award Plaintiff punitive damages;

E.     Award Plaintiff prejudgment and post judgment interest at the appropriate rate on all benefits and damages that are awarded, and

F.     Grant Plaintiff such other and further relief as the Court deems equitable and just.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully submitted,
RHYAN LUNDEEN


By: */s/ Michael A. Faccenda*
One of Her Attorneys

Michael A. Faccenda
901 West Hillgrove Avenue
La Grange, IL 60525
Phone: 708-497-3077
Email: maf@faccendalawgroup.com
ARDC No. 6239317

# Exhibit 1

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Received EEOC CDO 2/2/2022

Charge Presented To: | Agency(ies) Charge No(s):
- [ ] FEPA
- [x] EEOC 440-2022-03269

| Illinois Department of Human Rights | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Rhyan Lundeen | 563-528-4201 | 12-13-1978 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4445 Madison Ave., Brookfield, IL 60513 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| RANDALL AND SON ROOFING AND EXTERIORS, INC. ("RNS") | Over 15 | (847) 695-4990 |

| Street Address | City, State and ZIP Code |
|---|---|
| 34W711 ILLINOIS ST, SAINT CHARLES , IL 60174 (County: Kane, IL) | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

- [ ] RACE
- [ ] COLOR
- [x] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [x] RETALIATION
- [ ] AGE
- [ ] DISABILITY
- [ ] GENETIC INFORMATION
- [x] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest | Latest

December 2, 2021 (termination) - see also attached

[x] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

RNS illegally retaliated against me by terminating me in violation of the Illinois Human Rights Act (775 ILCS 5/ 6-101) and Title VII (42 U.S.C. § 2000e-3(a)) for opposing sexual harassment at RNS (i.e., complaining to my supervisor that I believed that I was being harassed by a coworker based on my sex [female]). At the time of my termination, I was engaged in protected activity (opposing sexual harassment in the workplace); I suffered an adverse employment action as I was terminated on or about December 2, 2021; and I was terminated because I engaged in protected activity. As a result of the illegal termination, I have suffered damages. Additional facts are included in my demand letter which is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein. Please see Exhibit A which is made part of this charge.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| February 2, 2022 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

Received EEOC CDO 2/2/2022

Exhibit A

## FLG | Faccenda Law Group

901 West Hillgrove Avenue
La Grange, Illinois 60525
Tel: 312 994 2411
Fax: 312 578 1206
faccendalawgroup.com

**Michael A. Faccenda**
708 497 3077
maf@faccendalawgroup.com

Admitted in Illinois

January 10, 2022

*__Via Email__*

Ed Zawadzki
President
Randall and Son Roofing and Exteriors, Inc.
34W711 Illinois Street
St. Charles, Illinois 60174
Email: ed@rnsroofing.com

  Re:  *Rhyan Lundeen v. Randall and Son Roofing and Exteriors, Inc.*

Dear Mr. Zawadzki:

  We write to provide you with the written demand of our client, Ms. Rhyan Lundeen, in connection with her claims against Randall and Son Roofing and Exteriors, Inc. ("RNS") for (a) illegally retaliating against her by terminating her in violation of the Illinois Human Rights Act (775 ILCS 5/ 6-101) and Title VII (42 U.S.C. § 2000e-3(a)) for opposing sexual harassment at RNS (*i.e.*, complaining to her supervisor that she believed she was being harassed by a coworker based on her sex)[1] and (b) illegally retaliating against her by terminating her in violation of the Illinois Whistleblower Act (740 ILCS 174/15(b)) for reporting an RNS co-worker's workplace battery against her to law enforcement. We also are investigating additional related claims against RNS and its officers individually under the Illinois Wage Payment Collection Act, 820 ILCS 115/3 ("IWPCA"), including but not limited to RNS's/Mr. Zawadzki's failure to pay roughly $6,000 in earned sales commissions. Below are the details.

### BACKGROUND

  The facts here are straightforward. On July 7, 2020, Ms. Lundeen began working as a sales representative for RNS. She earned a base salary of $1,000 per week plus commission based on minimum qualifying sales and a commission formula. Though she did not qualify

---

[1] Regarding Ms. Lundeen's Title VII claim, RNS is believed to have 15 or more qualifying employees. Even if discovery reveals fewer such employees, Ms. Lundeen still will fully proceed with her Illinois Human Rights Act claim which bars a "person" (which can include not only an employer but also the officers thereof) from retaliating against individuals for their opposition to sexual harassment at the employer.

January 10, 2022
Page 2

Received EEOC CDO 2/2/2022

<span style="color:red">Exhibit A</span>

for a commission in 2020, Ms. Lundeen's sales increased dramatically in 2021 such that she was poised to make roughly $80,000 in commission in addition to her roughly $50,000 annual base salary. Thus, by all accounts, Ms. Lundeen was performing superbly.

But things changed in late 2021. Specifically, on September 8, 2021, Ms. Lundeen's RNS co-worker Aaron Towler smacked and grabbed her butt. Outraged by this clear and disgusting sexual harassment at the workplace, Ms. Lundeen immediately and appropriately reported it to her supervisor and RNS owner Ed Zawadzki. Mr. Zawadzki was not happy that Ms. Lundeen raised this sexual harassment issue. Indeed, in shocking text exchanges between Mr. Zawadzki and Ms. Lundeen where Ms. Lundeen forwarded Mr. Towler's sexual harassing text messages to Mr. Zawadzki, Mr. Zawadzki coldly instructed Ms. Lundeen to approach her sexual harasser/stalker and "figure[] [this] out" herself with him as Mr. Zawadzki "didn't want to get involved with this" because it "distract[ed]" him away from running the business. Below is just one excerpt of the texts between Ms. Lundeen and Mr. Zawadzki on this issue:



*Text messages 9/13/2021*

After Mr. Zawadzki completely refused to do anything to resolve the ongoing workplace sexual harassment against Ms. Lundeen, Ms. Lundeen reported the September 8,

January 10, 2022
Page 3

Received EEOC CDO 2/2/2022

<span style="color:red">Exhibit A</span>

2021 sexual harassment battery committed against her at work by Mr. Towler to both the Brookfield and St. Charles police departments and informed Mr. Zawadzki that she had done so. Ms. Lundeen not only verbally communicated this reporting to Mr. Zawadzki but also memorialized her Brookfield/St. Charles police department reporting in a September 20, 2021 text to him:



*Text messages 9/20/2021*

After Mr. Zawadzki learned on September 20, 2021 that Ms. Lundeen started to involve the police in her sexual harassment allegations, he was not pleased as this sexual harassment situation was becoming more and more of a distraction to him. Ms. Lundeen provided copies of all three police reports to Mr. Zawadzki immediately after she had received them in or about late September 2021. *See* Exhibit 1 (9/20/21 Brookfield police report), Exhibit 2 (9/24/21 Brookfield supplemental police report), and Exhibit 3 (9/24/21 St. Charles police report). Mr. Zawadzki felt obligated at that point to begin some sort of "paper" review and thus had HR consultant/private detective Kari Quane invade Ms. Lundeen's private life in an attempt to find some dirt on Ms. Lundeen that he (Zawadzki) could use to justify her termination. Kari Quane's so-called report attacks Ms. Lundeen and is nothing more than pure retaliation for Ms. Lundeen reporting sexual harassment/criminal battery not only internally but also externally (Brookfield and St. Charles police departments).

January 10, 2022
Page 4

Received EEOC CDO 2/2/2022                                    <span style="color:red">Exhibit A</span>

On October 19, 2021, Ms. Lundeen was asked to go over the so-called report with Mr. Zawadzki and David Gedzun. During the meeting, Mr. Zawadzki read aloud excerpts and laughed multiple times as he read parts of it. Indeed, Mr. Zawadzki read aloud a section about Mr. Towler loaning Ms. Lundeen money in late 2020 (a year prior to the incident when the two were friends) and then laughed out loud and joked to Mr. Gedzun: "Hey, Dave, do *you* want to pay for *my* bills?" This meeting was meant to mock and humiliate Ms. Lundeen as well as to telegraph Mr. Zawadzki's desire that Ms. Lundeen should quit because she was causing issues that were, in Mr. Zawadzki's opinion, continuing to distract him away from running his business.

Immediately after the humiliating meeting during which Mr. Zawadzki bullied Ms. Lundeen and joked and laughed about her allegations, Mr. Gedzun sent Ms. Lundeen an email imposing an unrealistic job quota on Ms. Lundeen: secure 10 new jobs by December 1, 2021. This was a completely unrealistic number, especially since this is a roofing company and late fall / early winter is a historically slow time for the roofing industry. That said, Ms. Lundeen's performance was better than most of her comparators at RNS. Mr. Zawadzki hated the increasing distraction of this matter, and his unrealistic quota placed on Ms. Lundeen was nothing more than a way to manage her out of the company because she refused to let go of her sexual harassment allegations.

On December 2, 2021, Mr. Zawadzki fired Ms. Lundeen purportedly for poor performance. This was despite the fact that she was highly profitable to the company and earned roughly $80,000 in sales commissions (on top of her $50,000 base salary) based on all of the work she was originating for RNS. Moreover, despite being one of the top performers at RNS, she was the only one fired at that time. A jury easily will be able to conclude that this firing had nothing to do with performance; it was clearly retaliation for Ms. Lundeen's continued opposition to and reporting of sexual harassment and crimes (sexual harassment battery) internally to Mr. Zawadzki and externally to the Brookfield and St. Charles police departments.

### ANALYSIS

Ms. Lundeen can easily prove the elements of her claims against RNS and its respective managers for: (a) illegal retaliation for her opposition to sexual harassment at RNS (*i.e.*, complaining to her supervisor that she believed she was being harassed by a coworker based on her sex) and (b) illegal retaliation against her for reporting an RNS co-worker's sexual workplace battery to law enforcement. We also are currently investigating her additional claims against RNS and its respective managers for violations of the IWPCA, including but not limited to RNS's/Mr. Zawadzki's failure to pay roughly $6,000 in earned sales commissions.

Faccenda Law Group LLC
901 W. Hillgrove Ave, La Grange, IL 60525
WWW.FACCENDALAWGROUP.COM

January 10, 2022
Page 5

Received EEOC CDO 2/2/2022

Exhibit A

### Sexual Harassment Opposition Retaliation Claim
### (42 U.S.C. § 2000e-3(a), 775 ILCS 5/ 6-101(A))

To prevail on a claim of retaliatory firing, a plaintiff must demonstrate that (1) she engaged in statutorily protected expression; (2) she suffered an adverse action at the hands of her employer; and (3) there was a causal link between the two. *See*, *e.g.*, *Dickerson v. Board of Trustees*, 657 F.3d 595, 601 (7th Cir. 2011).

As an initial matter, the first two elements cannot be disputed. Ms. Lundeen clearly engaged in "protected activity," which includes opposition to any act or practice that is unlawful under Title VII or the IHRA. *See* 42 U.S.C. § 2000e-3(a) and 775 ILCS 5/ 6-101(A). She complained directly to and made her opposition to the ongoing sexual harassment of Mr. Towler well known to her supervisor and RNS owner Mr. Zawadzki. This cannot be disputed as there are texts confirming the same. And Ms. Lundeen clearly suffered an adverse action at the hands of her employer, namely, being terminated on December 2, 2021.

As to the third element, Ms. Lundeen easily can show that "there was a causal link" between her protected activity (opposing ongoing workplace sexual harassment) and her termination. Mr. Zawadzki confessed in text messages that he did not want to be "distracted" by Ms. Lundeen's sexual harassment allegations. He was upset when he learned on September 20, 2021 that Ms. Lundeen wasn't going to drop the sexual harassment matter but, instead, was escalating it to the Brookfield and St. Charles police departments. A short 29 days after September 20, 2021, Mr. Zawadzki orchestrated a meeting to humiliatingly laugh and joke about a so-called investigative report into Ms. Lundeen's sexual harassment allegations. And immediately after the humiliating meeting, Mr. Zawadzki fabricated an unrealistic quota for Ms. Lundeen so that he could manage her out of the company when she did not meet these unrealistic quotas. When Mr. Zawadzki fired Ms. Lundeen, he provided a bogus performance-related excuse to justify "on paper" Ms. Lundeen's firing. Yet this was ridiculous as Ms. Lundeen was one of RNS's top performers. Thus, Ms. Lundeen easily can show that "there was a causal link" between her protected activity.

### Illinois Whistleblower Act Retaliation Claim
### (740 ILCS 174/15(b))

To prevail on a claim under section 15(b) of the Illinois Whistleblower Act, the employee must show: "(1) an adverse employment action by his or her employer, (2) which was in retaliation (3) for the employee's disclosure to a government or law enforcement agency (4) of a suspected violation of an Illinois or federal law, rule, or regulation." *Sweeney v. City of Decatur*, 79 N.E.3d 184 (Ill. App. 2017); *see also Runge v. Bd. of Educ. for Cmty. Unit Sch. Dist. No. 300*, 2019 IL App (2d) 180190-U (reversing summary judgment on section 15(b) claim, holding "that the record demonstrates the existence of factual issues sufficient to

Received EEOC CDO 2/2/2022                                    Exhibit A

preclude the grant of summary judgment on plaintiff's whistleblowing claim pursuant to section 15(b) of the Act").

As an initial matter, elements (1), (3), and (4) of Ms. Lundeen's section 15(b) claim cannot be disputed. Ms. Lundeen was fired on December 2, 2021. She reported the sexual battery and harassment allegations to the Brookfield police department on September 20, 2021 and to the St. Charles police department on September 24, 2021. On September 20, 2021, she disclosed to Mr. Zawadzki that she had reported her sexual battery and harassment allegations to the Brookfield police department, which disclosure was memorialized in text messages dated September 20, 2021 between Ms. Lundeen and Mr. Zawadzki. Also, in late September 2021, she provided Mr. Zawadzki with copies of all three of her police reports to the Brookfield and St. Charles police departments. *See* Exhibits 1 to 3. Thus, these three elements cannot be disputed.

As to element (2) concerning causation, Ms. Lundeen can easily prove this element. As noted earlier, Ms. Lundeen's going to the Brookfield and St. Charles police departments with her workplace sexual battery and harassment allegations signaled to Mr. Zawadzki that Ms. Lundeen had no plans to drop the sexual harassment/battery matter, which meant that the "distractions" to Mr. Zawadzki were going to continue so long as Ms. Lundeen still worked at RNS. Mr. Zawadzki therefore decided to fire her and, to that end, imposed on Ms. Lundeen less than a month later an unrealistic quota designed to lay the groundwork for her termination when she couldn't achieve it. This is a classic section 15(b) case.

CONCLUSION

Based on our investigation to date, we have determined that Ms. Lundeen has very strong claims for retaliation for opposing sexual harassment at the workplace and for retaliation under the Illinois Whistleblower Act. We have advised our client of our conclusion that, based on our investigation to date, RNS's purported reason for her termination (*i.e.*, subpar performance) was a pretext, especially given the timing of events, the text messages clearly evincing Mr. Zawadzki's dislike of Ms. Lundeen for raising the sexual harassment allegations and "distracting" him, the fact that Ms. Lundeen was a top performer at RNS, the fact that none of Ms. Lundeen's comparators were treated similarly, and the fact that Mr. Zawadzki frequently joked, laughed, and mocked Ms. Lundeen during the reading of the so-called investigation report into her sexual harassment allegations. We do not believe that a jury will find Ms. Lundeen's serious allegations of workplace sexual harassment and criminal battery to be a laughing matter.

We have informed Ms. Lundeen that she is free to proceed with legal proceedings at any time at her election. However, in the interest of potentially resolving this matter completely without the necessity of commencing litigation, Ms. Lundeen would be willing to discuss a confidential pre-suit settlement of all of her claims. In the meantime, on behalf of

January 10, 2022
Page 7

Received EEOC CDO 2/2/2022

Exhibit A

Ms. Lundeen, we officially request a copy of her personnel records[2] and also demand that RNS preserve and retain all emails, spreadsheets, texts, and other documents potentially relevant to this litigation by placing a legal hold on all such emails and documents immediately.[3]

In exchange for a full and confidential settlement of all of Ms. Lundeen's claims, her demand is as follows:

- *__Before__ the commencement of litigation: 12 months compensation ($135,000).*

- *__After__ the commencement of litigation: 24 months compensation ($270,000) + all of her attorneys' fees, punitive damages, and other damages (including under the IWPCA).* If this matter does not settle pre-suit, our client's demand will increase by all other available damages for her claims, including punitive damages and our growing attorney's fees that we will be forced to incur to prosecute our client's claims. Moreover, as noted above, we may pursue additional claims against RNS and its officers/agents that we are investigating.

Thank you for your attention to this matter. Please contact me to discuss this matter no later than the close of business __Wednesday, January 19, 2022__. If I do not hear from you by then, I will assume that you are not interested in exploring settlement and proceed accordingly. If you have any questions in the meantime, please feel free to contact me.

Very truly yours,

Michael A. Faccenda, Esq.

---

[2] Under the Illinois Personnel Record Review Act, employers are required to produce such records within seven business days. *See* 820 ILCS 40/2 ("The employer shall provide the employee with the inspection opportunity within 7 working days after the employee makes the request. . . ."). Therefore, please produce our client's personnel files within seven business days of today as required by 820 ILCS 40/2 (*i.e.*, __Tuesday, January 18, 2022__). If we do not timely receive our client's full personnel file by that time, we will commence an action to enforce our client's rights under the Personnel Record Review Act and seek our full attorney's fees and costs for having to do so in order to obtain the requested records. *See* 820 ILCS 40/12 (c) and (d).

[3] Our client demands that RNS (and its affiliates, managers, and employees) preserve all documents and other evidence that may be potentially relevant to our client's claims, including all of our client's emails as well as all the emails of Mr. Zawadzki, Mr. Gedzun, and Ms. Quane. Potentially relevant documents and other evidence also should be *__immediately__* preserved for all other employees at RNS or affiliated companies. Under Illinois law, RNS and its managers are required to maintain such evidence under its custody or control for "potential litigants" even before a lawsuit is filed. *See Schimanovsky v. GMC*, 181 Ill.2d 112 (1998) (affirming sanctions against defendant for evidence destruction). Absent an express objection in the next three business days, we will assume and rely on the fact that RNS will preserve such materials.

Faccenda Law Group LLC
901 W. Hillgrove Ave, La Grange, IL 60525
WWW.FACCENDALAWGROUP.COM

Exhibit A

Received EEOC CDO 2/2/2022

# Exhibit 1



Received EEOC CDO 2/2/2022

Exhibit A



# Brookfield Police Department

Officer Report for Incident 21BP16785

| | | | |
|---|---|---|---|
| **Nature:** | HARRASSMENT | **Address:** | 8820 BROOKFIELD AVE; BROOKFIELD POLICE DEPARTMENT |
| **Location:** | BPD51 | | BROOKFIELD IL 60513 |

| | | | | | |
|---|---|---|---|---|---|
| **Offense Codes:** | 2890 | | | | |
| **Received By:** | Quan, M | **How Received:** | T | **Agency:** | BRPD |
| **Responding Officers:** | Golden, K, Radio ID 383401 | | | | |
| **Responsible Officer:** | Golden, K | **Disposition:** | CLO 09/20/21 | | |
| **When Reported:** | 14:38:43 09/20/21 | **Occurred Between:** | 14:38:37 09/20/21 and 14:38:37 09/20/21 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Assigned To:** | | **Detail:** | | **Date Assigned:** | **/**/** |
| **Status:** | | **Status Date:** | **/**/** | **Due Date:** | **/**/** |

| | | | | | |
|---|---|---|---|---|---|
| **Complainant:** | 58631 | | | | |
| **Last:** | LUNDEEN | **First:** | RHYAN | **Mid:** | |
| **DOB:** | 12/13/78 | **Dr Lie:** | L53573278954 | **Address:** | 4445 MADISON AVE |
| **Race:** W | **Sex:** F | **Phone:** | (563)528-4201 | **City:** | BROOKFIELD, IL 60513 |

## Offense Codes

| | | | |
|---|---|---|---|
| **Reported:** | 2890 ALL OTHER DISORDERLY CONDUCT | **Observed:** | |
| **Additional Offense:** | 2890 ALL OTHER DISORDERLY CONDUCT | | |

## Circumstances

| | | |
|---|---|---|
| **Responding Officers:** | | **Unit:** |
| Golden, K | | 417 |
| Radio ID 383401 | | 417 |

| | | | |
|---|---|---|---|
| **Responsible Officer:** | Golden, K | **Agency:** | BRPD |
| **Received By:** | Quan, M | **Last Radio Log:** | 15:17:55 09/20/21 CMPLT |
| **How Received:** | T Telephone | **Clearance:** | RTF Report to Follow |
| **When Reported:** | 14:38:43 09/20/21 | **Disposition:** | CLO **Date:** 09/20/21 |
| **Judicial Status:** | | **Occurred between:** | 14:38:37 09/20/21 |
| **Misc Entry:** | | **and:** | 14:38:37 09/20/21 |

| | | |
|---|---|---|
| **Modus Operandi:** | **Description :** | **Method:** |

Received EEOC-CDO 2/2/2022



Offense Report for Incident 21BP16795

**Involvements**

| Date | Type | Description |
|------|------|-------------|

09/21/21



Received EEOC-CDO 2/2/2022

Officer Report for Incident 21BR16786

## Narrative

In summary: R/O responded to the police department for a walk-in harassment complaint. Upon arrival, R/O met with the complainant who advised that a co-worker named Aaron Towler (36 YOA) has been infatuated with her for a few years and she firmly explained to him that she is not interested in him. The complainant then stated that Towler is harassing her by sending her a two page love letter that "confesses his love" and stated he does not want to "lose her to someone else". R/O asked the complainant if he has sent any text messages or emails and she stated that Towler has sent text messages. The complainant was requested to email the messages to R/O's work email account and she stated she would do so (messages uploaded to Spillman/BPD hard drive). R/O was then advised from the complainant that Towler has not accepted the fact that she is not interested in him. The complainant related that she explained to Towler that they can have a platonic friendship and remain professional while at work. R/O was advised that Towler had "slapped" the complainant's buttocks some time ago while they were at work. This matter was reported to her employer and they are handling it. R/O asked the complainant where she works and she stated "Randell and Son Roofing & Exteriors (34W711 Illinois St, St. Charles, IL 60174). R/O advised the complainant to report this information to the St. Charles Police Department and she stated she would do so. The complainant also wanted to document that Towler was seen driving past her house. R/O asked the complainant how she knew it was Towler and she advised that he has a silver Ram truck and both sides of the truck have the business name on it. The complainant was asked if she has any cameras and she stated "no". R/O conducted a SOUNDEX and located a silver 2016 Dodge Ram truck that registered to Towler (1788598B-TK). The complainant was advised that Towler would be contacted and a special watch would be assigned to her residence. R/O provided the complainant with a FOIA form and a follow-up call once R/O spoke with Towler. The complainant also has blocked Towler' s cell phone and all social media accounts. This concluded the conversation with the complainant.

At approximately 1548 hrs, R/O spoke with Towler via telephone and he was advised of the complaint. According to Towler, he is friends with the complainant and they just went on vacation together. He also had asked the complainant out and she never gave him a solid answer. Towler related that he stopped talking to the complainant and was asked by his employer to "try and smooth things over" with the complainant. R/O was advised by Towler that he last attempted to speak with the complainant on 17SEPT21 and she ignored him. He also denied the allegation of driving past the complainant's house.
R/O advised Towler to continued to avoid all contact with the complainant and he stated that he would so. This concluded the conversation with Towler.

At approximately 1615 hrs, R/O contacted the complainant and she was advised of the conversation that R/O had with Towler. The complainant stated that she was satisfied and that she did not go on vacation with Towler. R/O advised the complainant to contact the police department if she needs any further assistance.
No further police assistance needed.


_____

**Responsible LEO:**


_____

**Approved by:**

Received EEOC-CDO 2/2/2022

Official Report for Incident 21BP16799

_____
Date

09/21/21

Exhibit A

Received EEOC CDO 2/2/2022

# Exhibit 2

Received EEOC CDO 2/2/2022

**Exhibit A**



**Village of Brookfield**

**Fredom of Information Act Request**

**FOI #21-089**

E-MAILED SEP 30 2021

*Including photos*

| | |
|---|---|
| **Date of Request:** | September 28, 2021 |
| **Status:** | Pending |
| **Requester Name:** | Rhyan Lundeen |
| **Records Requested:** | Looking for a copy of police report #21BP17025 to be emailed to me. |

**Date of Request** *

28 Sep 2021

**Name of Requestor** *

Rhyan Lundeen

**Mailing Address** *

4445 Madison Ave

**State:** *

IL

**Phone Number:** *

5635284201

**Type of Record** *

Police

**Company/Agency Name**

**City:** *

Brookfield

**Zip Code:** *

60513

**Email:**

rlundeen4201@yahoo.com

Received EEOC CDO 2/2/2022

<span style="color:red">Exhibit A</span>

# Brookfield Police Department

Officer Report for Incident 21BP17025

| | | |
|---|---|---|
| **Nature:** CITIZEN ASSIST | **Address:** 4445 MADISON AVE | |
| **Location:** BPD63 | BROOKFIELD IL 60513 | |

| | | |
|---|---|---|
| **Offense Codes:** NC | | |
| **Received By:** Arquilla, J | **How Received:** T | **Agency:** BRPD |
| **Responding Officers:** Duffek, C | | |
| **Responsible Officer:** Duffek, C | **Disposition:** CLO 09/24/21 | |
| **When Reported:** 15:09:18 09/24/21 | **Occurred Between:** 15:08:41 09/24/21 and 15:08:41 09/24/21 | |

| | | |
|---|---|---|
| **Assigned To:** | **Detail:** | **Date Assigned:** **/**/** |
| **Status:** | **Status Date:** **/**/** | **Due Date:** **/**/** |

**Complainant:**

| | | |
|---|---|---|
| **Last:** | **First:** | **Mid:** |
| **DOB:** **/**/** | **Dr Lic:** | **Address:** |
| **Race:** | **Sex:** | **Phone:** | **City:** , |

## Offense Codes

| | |
|---|---|
| **Reported:** NC Not Classified | **Observed:** |
| **Additional Offense:** NC Not Classified | |

## Circumstances

| | |
|---|---|
| **Responding Officers:** | **Unit :** |
| Duffek, C | 406 |

| | |
|---|---|
| **Responsible Officer:** Duffek, C | **Agency:** BRPD |
| **Received By:** Arquilla, J | **Last Radio Log:** 15:35:48 09/24/21 CMPLT |
| **How Received:** T Telephone | **Clearance:** RTF Report to Follow |
| **When Reported:** 15:09:18 09/24/21 | **Disposition:** CLO **Date:** 09/24/21 |
| **Judicial Status:** | **Occurred between:** 15:08:41 09/24/21 |
| **Misc Entry:** | **and:** 15:08:41 09/24/21 |

| | | |
|---|---|---|
| **Modus Operandi:** | **Description :** | **Method :** |

## Involvements

| Date | Type | Description |
|---|---|---|

09/28/21

Received EEOC CDO 2/2/2022



Exhibit A

*Officer Report for Incident 21BP17625*

Page 2 of 2

## Narrative

In summary: On 09/24/2021 at approximately 1509 hours, R/O made contact with the complainant/Rhyan Lundeen via telephone reference the citizen assist. Rhyan advised she originally made a report with this station on 09/20/2021 reference a co-worker/Aaron Towler continuously harassing her (Reference 21BP16785 for further). Rhyan advised she now had further information she wanted documented in order to attempt to obtain an OOP.

Rhyan stated there was an incident that occurred while at work in St. Charles "Randell and Son Roofing & Exteriors (34W711 Illinois St, St. Charles, IL 60174) where Aaron smacked her in the buttocks. She stated her employer was notified and she also reported this incident to St. Charles PD (Reference #21-23036). She stated due to the above, she was speaking with her daughter/Vivienne Lundeen yesterday (09/20/2021) about Aaron and Vivienne brought to her attention that Aaron had been texting her quite often. Rhyan advised all communication between Aaron/Vivienne was civil in nature and no communication was ever sexual between them. However, due to Aaron's unusual behavior lately, she found it weird for him to be texting her daughter and she wished for the communication to stop. Rhyan advised according to Vivienne's text messages, the last communication Aaron/Vivienne had was approximately 09/02/2021 (see attached for further). Rhyan advised her and Aaron used to have a close "family friend" relationship but once Aaron advised her he had feelings for her, his behavior began to change. Rhyan advised she simply wanted this incident documented for court purposes in an attempt to obtain an OOP. R/O advised Rhyan on the process of obtaining an OOP and provided her with the report number. R/O advised Rhyan to contact this station if further assistance is required.

R/O attempted to make contact with Aaron via telephone, which was met with negative results. A voicemail was left with Rhyan advising him to refrain from any further communication with Rhyan/Vivienne. Photographs of text messages uploaded to this report as well as Sgt. Hard Drive. Nothing further at this time.

Responsible LEO: _____

Approved by: _____

Date: _____

09/28/21

Exhibit A

Received EEOC CDO 2/2/2022





Received EEOC CDO 2/2/2022

Exhibit A

Wed, Apr 7, 8:29 PM

Heard about your fantastic report card! Good Job! Way proud of you!

Sun, May 16, 9:00 PM

If you ever want to practice some vball or soccer just let me know. I'd be happy to play with you

You did a great job today!. Super proud of you. I know you are tough on yourself and want to be the best. Keep practicing and don't give up and you'll get there! No one starts out at pro level status 🙂

Tue, May 18, 12:07 AM

Happy Birthday!!

Thu, May 27, 8:06 PM

This is what I was trying to show you

---

Ummmmm...... lol

That girl sounds like your Tik Tok

?

Whatever you were listening to on tik tok sounds like this girl. I was trying to find the video in the car

Mon, Jun 14, 8:37 AM

Good Luck at camp this week Viv! Tel me all about it!

Sun, Jul 25, 10:54 AM

I will

Have fun at camp! Ride some horses!

Sat, Jul 31, 3:55 PM

Hey! How was camp

youtube.com

Received EEOC CHD 2/2/2022

Exhibit A





Received EEOC CDO 2/2/2022

Exhibit A

Cool beans. I'll probably start looking next month

I think you should get furniture that has white walls and kind of like a small seaboards look if you know what I mean lol

No what do they look like

I meant walls sorry not furniture

I need your expertise

Yeah lemme send a pick

If left to my own devices this is what it would look like lol



I do like Black furniture! I guess though it really depends on what color the floors/walls are at the new house!

When I go looking at houses do you and your mom want to come with me?

Yeah

Cool beans. I'll probably start looking next month

Yes

I think you should get furniture that has white walls and kind of like a small seaboards look if you know what I mean lol

No what do they look like

I meant walls sorry not furniture

I need your expertise



Received EEOC CDO 02/22/2022

Exhibit A





Received EEOC CDO 2/2/2022

Exhibit A



Received EEOC CDO 2/2/2022

Exhibit A

# Exhibit 3



Received EEOC CDO 2/2/2022

Exhibit A

# Case Report

## Summary



**Print Date/Time:** 09/28/2021 16:54
**Login ID:** rhelfinstine
**Case Number:** 2021-00023036

ST CHARLES POLICE DEPARTMENT
**ORI Number:** IL0451400

## Case

**Case Number:** 2021-00023036
**Location:** 400 VALLEY VIEW DR BLK
SAINT CHARLES, IL 60175
**Reporting Officer ID:** 0196 - Powers

**Incident Type:** 0460 BATTERY
**Occurred From:** 09/09/2021 10:00
**Occurred Thru:** 09/09/2021 10:00
**Disposition:**
**Disposition Date:**
**Reported Date:** 09/24/2021 08:53 Friday

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|-----|-----------|------------|---------|-------------|--------|
| 1 | State | 0460 | 720 ILCS 5.0/12-3 | BATTERY | 1 |

## Subjects

| Type | No. Name | Address | Phone | Race | Sex | DOB/Age |
|------|----------|---------|-------|------|-----|---------|
| SUSPECT/OFFENDER | 1 TOWLERS, AARON C | | | WHITE | MALE | 35 |
| VICTIM | 1 LUNDEEN, RHYAN L | 4445 MADISON AVE | (563)528-4201 | WHITE | FEMALE | 12/13/1978 |
| | | BROOKFIELD, IL 60513 | | | | 42 |

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|------------|------|---------|-----------|------|-----|

## Property

| Date | Code | Type | Make | Model | Description | Tag No. Item No. |
|------|------|------|------|-------|-------------|------------------|

## Vehicles

| No. Role | Vehicle Type | Year Make | Model | Color | License Plate State |
|----------|--------------|-----------|-------|-------|---------------------|

**OfficerID: bpowers, Narrative**

Received EEOC CDO 2/2/2022     <span style="color:red">Exhibit A</span>

On 9/24/2021 at approximately 0852 hrs. I, Ofc. Powers #392, responded to the St. Charles Police Department to meet with:

   - LUNDEEN, RHYAN L. ( F/W 12/13/1978 ),

reference a battery that occurred on 9/9/2021.

Upon my arrival I met with Lundeen. In summary, Lundeen advised that while in St. Charles for work, Lundeen and her coworker:

   - TOWLERS, AARON C.

we're walking in the Harvest Hills neighborhood contacting residence door to door. Lundeen does not know their exact location where the incident occurred but stated it possibly happened near the intersection of Heritage St. and Valley View Dr. at approximately 1000 hrs. Lundeen stated while walking from one residence to the next Towlers slapped and then grabbed her buttocks. Lundeen stated Towlers did it with his left hand, to her right buttock. Lundeen advised me she had already informed her employer ( Randall & Son ) of the incident, and that they already completed their investigation and closed it out as unfounded. Lundeen informed me she had also already filed a report with Brookfield PD, where she lives ( CR # 21BP16785 ) to report the incident and Towlers driving past her house. Lundeen advised she did not want to pursue any criminal charges for battery, she only further wanted the incident documented since Brookfield PD advised her the incident occurred in St. Charles.

At approximately 1240 hrs. I attempted to contact Towlers, and left a voicemail.

At approximately 1325 hrs., Towlers called me back. In summary, Towlers advised me that Lundeen has been filing various police reports making allegations against him and that it has been an ongoing issue for the past month. Towlers stated Lundeen first made a report with La Grange PD stating he was harassing her by constantly texting and calling her. Towlers stated this allegation was unfounded. Towlers stated Lundeen then made a report with Brookfield PD stating he was stalking her. Towlers stated this allegation was unfounded. Towlers stated Lundeen made a sexual harassment claim through their employer that he slapped or grabbed her buttocks. Towlers stated this was also unfounded. Towlers informed me he and Lundeen were in the St. Charles area on 9/9/2021 for work. Towlers denied ever making any physical contact with Lundeen whatsoever. Towlers admitted to once asking Lundeen on a date. Towlers stated this request was made last month. Towlers stated he had turned over all of his text messages and even phone GPS locations to the other police departments to prove the allegations were false.

At this time there is no evidence to prove Towlers ever battered Lundeen. This report is closed no further action at this time.

BAP #392

BMR 352

Exhibit 2

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street ,
Chicago ,Illinois ,60604
(312) 872-9777
Website: www.eeoc.gov

### DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Rhyan Dundeen
    c/o Michael Facenda
    Facenda Law Group

Charge No: 440-2022-03269

EEOC Representative and email:        Esther Holm
        Investigator
        esther.holm@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2022-00391.

On Behalf of the Commission:

Digitally Signed By: Julianne Bowman 3/1/2022
Julianne Bowman
District Director

**Cc:**
Randall And Sons Roofing And Exteriors

Please retain this notice for your records.